NO. 12-11-00003-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

MICHAEL KENNEDY,                                §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

PER
CURIAM

            Relator
filed a petition for writ of mandamus asserting that the trial court violated
his due process rights by failing to conduct a “fast and speedy” resentencing
hearing and by failing to give proper notice of the scheduled January 25, 2011
resentencing hearing.  We deny the petition.

            We
have addressed Relator’s speedy trial argument in a previous original
proceeding.  There, we held that mandamus is unavailable to test any asserted
denial of Relator’s right to a speedy trial, both on a statutory and
constitutional basis.  See generally In re Kennedy, No.
12-10-00445-CR, 2011 WL 193479 (Tex. App.–Tyler Jan. 19, 2011, orig. proceeding)
(mem. op., not designated for publication).  We need not revisit that issue
here.

            Moreover,
Relator’s mandamus petition is deficient.  Texas Rule of Appellate Procedure 52
prescribes the form and content of a petition in an original proceeding.  More
specifically, rule 52 requires that an appendix and a record be filed with the
petition.  Tex. R. App. P. 52.3(k),
52.7(a).  The contents of each are prescribed by the rule.  See Tex. R. App. P. 52.3(k)(1), 52.7(a)(1).  The petition must also
include other information, such as (1) a concise statement of pertinent facts
with citations to competent evidence included in the appendix or record and (2)
a certification that every factual statement in the petition is supported by
competent evidence included in the appendix or record.  See Tex. R. App. 52.3.  Relator’s petition
does not comply with these requirements.  See In re Cerf, No.
07-10-00516-CV, 2011 WL 31371, at *2 (Tex. App.–Amarillo Jan. 6, 2011, orig.
proceeding)(denying mandamus for failure to comply with rule 52.3); In re
Cuong Anh Van Nguyen, No. 01-10-00998-CR, 2010 WL 5060627, at *1 (Tex.
App.–Houston [1st Dist.] Dec. 6, 2010, orig. proceeding)(denying mandamus for
failure to comply with appellate rule 9.5 and 52.7).

            Finally,
Relator has not filed the required number of copies of his petition.  See Tex. R. App. P. 9.3(a).  Relator was
notified of this deficiency and responded that he is indigent and therefore
lacks sufficient resources to furnish the required number of copies.  We are
aware that indigent supplies are available at Relator’s unit in sufficient
quantity for him to furnish the number of copies required by the appellate
rules.  The volume of motions and other documents Relator has filed in this
court demonstrate his access to those supplies.  Consequently, we decline to
suspend the rule pertaining to the number of copies to be filed in courts of
appeal.  See Tex. R. App. P. 9.3;
see also Tex. R. App. P. 2 (“On
a party’s motion or on its own initiative an appellate court may—to expedite a
decision or for other good cause—suspend a rule’s operation in a particular
case and order a different procedure . . . .”).

            For
the foregoing reasons, Relator’s petition for writ of mandamus is denied. 
All pending motions are overruled as moot.

Opinion delivered January 26, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)